FILED
13 MAY 20 AM 10: 04
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. AZHOCAR, SR. and JOHN PAUL AGUILAR, on their own behalf and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COASTAL MARINE SERVICES, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 13-CV-155 BEN (DHB)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>[ECF No. 5] |

Before the Court is Plaintiffs' motion to remand this putative class action to the Superior Court of California, County of San Diego. For the reasons stated below, the motion is **GRANTED**. The Court remands the case on the basis of untimely removal. It declines to award attorney's fees.

## BACKGROUND

Plaintiffs performed insulation and decking work on United States Navy ships, aircraft carriers, and barges for Defendant, a government contractor. They assert violations of California wage and hour law and seek to represent a class of insulation and decking workers employed by Defendant.

On October 25, 2012, Plaintiffs filed the initial complaint in state court. (Notice of Removal, Exh. A. ["Compl."]) Plaintiffs alleged that they performed

work at locations including but not limited to "the Naval Base Coronado, the Naval Base San Diego, the NASSCO Shipyard, the BAE Systems Shipyard, and the Continental Maritime of San Diego (CMSD) Shipyard." (Compl. at 2.)

On November 27, 2012, Plaintiffs filed a First Amended Complaint. (Notice of Removal, Exh. B. ["FAC"]) The FAC identified the same work sites. (FAC at 2.)

On January 18, 2013, Defendant removed the case to this Court on federal enclave grounds. (Notice of Removal, ECF No. 1.) It explained that (1) its employees work mostly at the 32nd Street Naval Station in San Diego and the North Island Naval Station in Coronado, that (2) "Plaintiffs plead that they performed work at these same locations," and that (3) these sites are federal enclaves. (Notice of Removal ¶¶ 10, 13.)[1]

Plaintiffs moved to remand. (ECF No. 5.)[2] Defendant filed a supplemental document to its notice of removal, an opposition to Plaintiffs' motion, and a notice of errata. (ECF Nos. 6, 9 & 10.) Plaintiffs filed a reply, objections to Defendant's evidence, and its own notice of errata. (ECF Nos. 11, 12 & 13.) The Court took Plaintiffs' motion under submission and now resolves it without a hearing pursuant to Civil Local Rule 7.1.d.1.

## LEGAL STANDARD

Generally, a defendant may remove an action from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). That jurisdiction may be grounded in the parties' diversity of citizenship or a federal question. *See* 28 U.S.C. §§ 1331, 1332. "Federal courts have federal question jurisdiction over tort claims

---

[1] North Island Naval Station in Coronado and 32nd Street Naval Station in San Diego appear to be the formal names for "Naval Base Coronado" and "the Naval Base San Diego," two of the work sites identified in the pleadings.

[2] Plaintiffs request judicial notice of two documents: (1) proof of service of the summons and initial complaint; (2) a copy of the state court's register of actions, showing when that proof of service was filed. (Pls.' RJN, ECF No. 5-3 & 13.) The request is **GRANTED**. FED R. EVID. 201(b)(2).

that arise on 'federal enclaves.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1331). "A federal enclave is created when a state cedes jurisdiction over land within its borders to the federal government and Congress accepts that cession. These enclaves include numerous military bases, federal facilities, and even some national forests and parks." *Allison v. Boeing Laser Technical Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012); *see also* U.S. Const. art. I, § 8, cl. 17.[3]

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted).

## DISCUSSION

Plaintiffs assert that (1) removal was not timely, and (2) Defendant has not shown that the sites where Plaintiffs worked are in fact federal enclaves. Because the Court agrees with the first argument—that removal was untimely—it need not reach the second.[4]

### I. Timeliness of Removal

The time for removal of an action from state to federal court is limited by statute. "After a defendant learns that an action is removable, he has thirty days to

---

[3] Art. I, sec. 8, clause 17, of the United States Constitution "grants to the United States 'exclusive legislation over forts, magazines, arsenals, dockyards and other needful buildings, when lands therefor are acquired with the consent of the legislature of the state of their situs. Exclusive 'legislation' has been construed to mean exclusive 'jurisdiction' in the sense of exclusive sovereignty." *Mater v. Holley*, 200 F.2d 123, 123 (5th Cir. 1952) (citing *Surplus Trading Co. v. Cook*, 281 U.S. 647, 652 (1930).

[4] In opposition to Plaintiffs' motion, Defendant submits evidence pertaining to the enclave status of certain work sites. Plaintiffs object on the grounds that new evidence developed by the defendant after removal is improper. (ECF No. 12.) As Defendant's evidence is immaterial to the Court's decision regarding the timeliness of removal, the Court need not resolve the objections.

remove the case to federal court." *Durham*, 445 F.3d at 1250 (citing 28 U.S.C. § 1446(b)). The "'thirty day time period [for removal]. . . starts to run from the defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690-91 (9th Cir. 2005) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable.'" *Durham*, 445 F.3d at 1250 (citing 28 U.S.C. § 1446(b)). The thirty day time limit is mandatory and a timely objection will defeat removal. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam).

It is Defendant's position that the case was not removable until it accepted service of the FAC on December 20, 2012. Accordingly, Defendant contends that removal was timely. Plaintiffs say the clock started earlier. They argue that all the factual allegations that Defendant cites as a basis for removal were present in the original complaint. Consequently, they contend that service of that pleading on November 12, 2012[5] started the clock. If Plaintiffs are right, Defendant's removal on January 18, 2013 was defective.

The Court agrees with Plaintiffs. From the initial complaint, Defendant learned that Plaintiffs had worked at Naval bases and that Plaintiffs were seeking certification of a class of insulation and decking workers. (Compl. at 1-4.) Defendant premised its removal on the broad assertion that "[t]he Naval property and ships where defendant conducts its work are federal enclaves." (Notice of Removal ¶ 13.) Assuming that Defendant is right, then the factual basis for removal

---

[5] Judicially noticed documents show that Plaintiffs left a copy of the initial complaint and summons at Defendant's office on November 1, 2012, and mailed another copy on November 2, 2012. (Pls.' RJN, ECF No. 5-3 & 13; Luetto Decl., Exh. 1.) Pursuant to California Code of Civil Procedure § 415.20(a), this form of substitute service is deemed complete ten days after mailing—November 12, 2012.

was apparent in the initial complaint. *See Krank v. Asbestos Defendants*, No. 03-3655 PJH, slip op. at 2 (N.D. Cal. 2003) ("[T]he fact that [Plaintiff] claimed possible exposure [to asbestos] on a federal U.S. Air Force base was sufficient to put all defendants on notice that federal enclave jurisdiction was potentially implicated in the case"); *Hines v. AC and S, Inc.*, 128 F. Supp. 2d 1003, 1008-09 (N.D. Tex. 2001) (holding that the removal clock started ticking when Defendants became aware of the specific location of events, even if the "relative rarity of federal enclave jurisdiction may have clouded the legal significance of those facts"); *Fung v. Abex Corp.*, 816 F. Supp. 569, 571 (N.D. Cal. 1992) (finding a basis for removal when the complaint alleged injuries as a consequence of working on Naval vessels under the supervision of defendant.).

The only difference between the two iterations of the complaint is that the FAC contains an express *disclaimer* of any claims arising at a federal enclave. Plaintiffs assert in paragraph 7 of the FAC that they seek relief only for work performed where California law governs, and that they "do not seek relief arising from any work performed on land classified as a federal enclave." In Defendant's view, this amounts to a concession that some work, at least, occurred on federal enclaves—a concession that made the case removable. (Notice of Removal ¶ 17.) This is reaching. First, the initial complaint contained a similar statement, even if it didn't use the phrase "federal enclave." It stated: "Jurisdiction is proper as to all conduct alleged herein because the United States holds only proprietorial jurisdiction over the Naval Base San Diego and the Naval Base Coronado, thus, California law applies." (Compl. ¶ 7.) Second, paragraph 7 in the FAC adds no facts; it simply reveals more clearly Plaintiffs' intent to head off a federal enclave defense. That this marks the first appearance of the phrase "federal enclave" is of no moment. *Hines*, 128 F. Supp. 2d at 1008 ("Defendants' argument that Plaintiffs have a duty to disclose possible federal enclave jurisdiction [before the removal clock starts] is wrong. Nothing requires Plaintiffs to take the step of adding a

footnote, parenthetical, or caveat stating that the . . . locale happened to be a federal enclave.").

In sum, if the FAC revealed a factual basis for federal enclave jurisdiction, then the initial complaint did as well. The Court finds that the thirty day clock started to run on November 12, 2012 with service of the initial complaint. The deadline for removal was December 12, 2013. Defendant's removal on January 18, 2013 was untimely. The Court must remand this case.[6]

## II. Attorney's Fees

Plaintiffs' also request attorney's fees incurred by Defendant's removal. The request is denied.

Pursuant to 28 U.S.C. § 1447(c), a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorney's fees are not awarded as a matter of course in removal cases. *Durham*, 445 F.3d at 1250. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Because the Court granted Plaintiffs' motion on procedural grounds, it declines to award fees.

//
//
//

---

[6] To the extent Defendant argues that only federal courts can resolve claims arising from conduct on federal enclaves, it is mistaken. *See Taylor v. Lockheed Martin Corp.*, 78 Cal. App. 4th 473 (2000) (adjudicating in state court a wrongful termination suit brought by an employee of a civilian contractor operating on a federal military enclave); *see also Mater*, 200 F.2d at 123-24 ("[A]n action for personal injuries suffered on a reservation under the exclusive jurisdiction of the United States, being transitory, may be maintained in a state court which has personal jurisdiction of the defendant.") (citing *Ohio River Contract v. Gordon*, 244 U.S. 68 (1917)); *Willis v. Craig*, 555 F.2d 724, 726 n.4 (9th Cir. 1977) (observing that even if enclave jurisdiction is proper, "state courts may have concurrent jurisdiction").

## CONCLUSION

Defendant's removal of this action was untimely. Plaintiffs' motion to remand is **GRANTED** and the case is **REMANDED** to the Superior Court of California, County of San Diego. The Court declines to award fees.

**IT IS SO ORDERED**

DATED: May //, 2013

HON. ROGER T. BENITEZ
United States District Court Judge